IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | No. 3:21-MJ-105-BH |
| ) | |
| CHRISTIAN MICHAEL MACKEY ) | |

**DETENTION ORDER**

Christian Michael Mackey (Defendant) is charged by criminal complaint dated February 3, 2021, with unlawful sale or disposition of a firearm in violation of 18 U.S.C. § 922(d).  He was arrested in this district and made his initial appearance on February 8, 2021, and the Government moved to detain him and for a continuance.  Defendant elected to proceed with a preliminary hearing and a detention hearing.  The court granted the motion for continuance and ordered that Defendant be temporarily detained.

On February 10, 2021, Defendant appeared in person and through his appointed counsel for  preliminary and detention hearings.  Based on the testimony of the Government's witness, there is probable cause to believe that Defendant committed the crime charged in the complaint. The government's witness testified that based on the violent nature of online postings and chats by a white supremacist anti-government extremist group of which Defendant was a member, an undercover agent (UC) was introduced and admitted into the group.  The UC interacted with Defendant, who stated that he had a gun that was misfiring, and that he wanted buy a new untraceable "ghost gun".  After the events at the United States Capitol on January 6, 2021, Defendant reached out to the UC and said he urgently needed a new gun, and he was interested in either a pistol or AR-15.  Ultimately, Defendant stated that he wanted another rifle to stop "hordes of you know what," which the UC understood to mean minorities.  Defendant said he

needed to sell his gun first, and the UC told him he had a buyer who was not "above board." Defendant wanted to proceed with the sale, and an undercover purchase was arranged. Defendant met with the purchaser, who specifically stated that he/she was a felon and could not possess a gun, and Defendant stated he knew and didn't care. Defendant completed the sold his gun to the purchaser for $800, and the purchase was recorded. Defendant contacted the UC within second of the purchase to try to buy a semi-automatic or fully automatic weapon. After several discussions, Defendant stated that he wanted to buy a fully automatic weapon to stop a horde, even though possession of one is not legal without a specific license, and the UC told him that it was illegal. On February 5, 2021, prior to his arrest, Defendant purchased a fully automatic rifle.

After considering the testimony of the witnesses, the argument, the pretrial services report and the factors listed in 18 U.S.C. § 3142(g), this Court finds that the Government has met its burden to establish by clear and convincing evidence that there is no condition or combination of conditions which will reasonably assure the safety of the community. *See* 18 U.S.C. § 3142(f)(2) (setting forth standard as clear and convincing evidence). Defendant participated extensively in the extremist group's chats and posts about violence. He frequently advocated the killing of minorities, and at one point encouraged another member to kill that member's Jewish classmate. He also made several statements regarding his willingness to engage in illegal activity, and he acted on those statements by illegally selling his gun to a felon and illegally purchasing a fully automatic rifle without a license. His stated reason for purchasing a fully automatic rifle was to kill "hordes" of minorities. He has also made statements about his willingness to kill law enforcement and to die in defense of his ideology,

and to "take down the system." His posts describe his father, into whose custody he seeks to be released, as "anti-government."

Given the nature and circumstances of the offense; the weight of the evidence against Defendant; the characteristics of Defendant; and the nature and seriousness of the danger to any person or the community posed by Defendant's release, the Court finds that the Government has presented clear and convincing evidence that there is no condition or combination of conditions which will reasonably assure Defendant's appearance or the safety of the community. Accordingly, the Government's motion for detention is GRANTED.

It is therefore ORDERED that Defendant be, and he is hereby, committed to the custody of the Attorney General and United States Marshal for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal, and that Defendant, while being so held, be afforded reasonable opportunity for private consultation with his counsel.

It is further ORDERED that, on an Order of a Court of the United States or at the request of the attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States Marshal for the purpose of an appearance in connection with court proceedings in the Northern District of Texas.

Signed this 16th day of February, 2021.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　IRMA CARRILLO RAMIREZ
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE